# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY JONES, SR., | **Case No. 1:15-cv-00757-LJO-SKO** |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR CHANGE OF VENUE BE DENIED** |
| v. | |
| | (Doc. No. 4) |
| HAROLD NAZAROFF; RENEE GAUMINTS; M. VERDUCZO; ATTORNEY SUSAN K. HATMAKER; ATTORNEY BRETT SUTTON; ATTORNEY JARED HAGUE; ATTORNEY JOSEPH V. MACIAS; STEPHANIE DEUTSCH, | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE** |
| | (Doc. No. 1) |
| | **OBJECTIONS DUE: 28 DAYS** |
| Defendants. | |

## I. INTRODUCTION

On May 18, 2015, Plaintiff William Ray Jones, Sr. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action against current and former employees of the Eastern District of California federal court, Defendants Harold Nazaroff, Renee Gaumints, M. Verduczo, and Stephanie Deutsch ("Courthouse Defendants"), and attorneys Susan K. Hatmaker, Brett Sutton, Jared Hague, and Joseph V. Macias from the law firm Sutton and Hatmaker ("Attorney Defendants"). (Doc. 1 ("Complaint").) On June 12, 2015, Plaintiff filed a Motion for Change of Venue, requesting that his case be transferred to the Northern District of California. (Doc. 4

(Motion for Change of Venue).)[1]

For the reasons set forth below, and the Court RECOMMENDS that Plaintiff's Motion for Change of Venue be DENIED and that Plaintiff's Complaint be DISMISSED with prejudice and without leave to amend.

## II. SCREENING STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir.1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.1989); *Franklin*, 745 F.2d at 1227.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting *Twombly*, 550 U.S. at 555).

---

[1] Upon further review of the pending motion for a change of venue and in light of the pending motion to proceed *in forma pauperis*, District Judge Lawrence J. O'Neill referred the motion for change of venue to the undersigned on June 17, 2015. (Doc. 6.)

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Franklin*, 745 F.2d at 1230. If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### III.     PLAINTIFF'S COMPLAINT

Plaintiff filed this action for damages and injunctive relief on behalf of himself against a number of individual and governmental defendants. (Compl., pp. 1-3.) So far as can be discerned from the Complaint, Plaintiff alleges that the Courthouse Defendants and Attorney Defendants violated his civil rights and "procedural rights," and engaged in "judicial misconduct." (Compl, p. 4.)

Plaintiff was a plaintiff in a wrongful termination lawsuit removed from state court to the Eastern District of California on April 20, 2012, and assigned to District Judge Anthony W. Ishii and referred to Magistrate Judge Jennifer L. Thurston. *See William Ray Jones, Sr. v. Lehigh Southwest Cement Company, Inc. and Does 1-50*, No. 1:12-cv-00633-AWI-JLT ("Lehigh case"). In the Lehigh case, summary judgment was granted in the defendant's favor and the case was closed. Plaintiff subsequently filed a Motion for Relief of Judgment, in which he argued that Judge Ishii's electronic signature had been repeatedly falsified and that defense counsel had repeatedly lied, misrepresented, and failed to disclose crucial information to the Court. The Court denied Plaintiff's motion for relief, and the case remained closed.

Plaintiff alleges that the Courthouse Defendants improperly tampered with filed pleadings and documents, and permitted the Attorney Defendants "to submit documents that they authored [and in which they had] forged federal judge Anthony W. Ishii['s] name" and "then presented these documents to the court as truthful judicial orders." (Compl., pp. 4; 21.) Plaintiff alleges that the Attorney Defendants "authored their own" summary judgment and "signed Judge Anthony W.

Ishii['s] name," thereby "defraud[ing] the court machinery." (Compl., p. 5.) Plaintiff alleges that the Courthouse Defendants "also forged" the emails and email signatures of Chief District Judge Morris C. England, Jr.[2] (Compl., p. 6.) Further, Plaintiff alleges that the Courthouse Defendants "changed information in the Pacer system to suit the Attorney[ ] [Defendants'] purposes." (Compl., p. 11.) Plaintiff contends that

> [e]mployees that would forge Chief District Judge Morris C. England Jr. (*sic*) emails and write emails to the plaintiff pretending to be Judge England and Judge Ishii have no regard for procedural rights or civil rights of any individuals. The plaintiff states that the judges['] signatures are forged and b[r]ought this issue to the correct authorities but they all chose to ignore the fraud and misconduct. The plaintiff asked the court to read and listen to the allegations brought against the Eastern District Court employees, but instead [they] sent U.S. Marshals[3] to his home to intimidate and threaten his family because of his complaint regarding their misconduct.

(Compl., p. 6.)

Plaintiff alleges that "the deception" the Attorney Defendants "created" during the Lehigh case "has prevented the plaintiff from acquiring a fair hearing." (Compl., p. 6; *see also* Compl., p. 17.) As a result, Plaintiff was "unfairly sanctioned based on [these] lies by the defendant[s]

---

[2] Chief Judge Morris C. England, Jr., became involved in the matter after Plaintiff and his wife filed a complaint regarding the alleged "misconduct" of various courthouse employees with the Judicial Council in San Francisco. (Compl., p. 15.) The Judicial Council referred Plaintiff to District Judge England "because he was in charge of all courtroom employees in the Eastern Fresno and Sacramento Districts." (Compl., p. 15.)

[3] Plaintiff included in his Complaint as exhibits several letters to various state and federal agencies and representatives, some of which referenced this alleged harassment by the U.S. Marshals. However, Plaintiff also attached as an exhibit a letter addressed to Senator Diane Feinstein in response to one of Plaintiff's complaints, explaining that

> Mr. and Mrs. Jones had multiple civil matters pending in the Eastern District of California courts which were either dismissed or ruled against. The Joneses launched a telephonic harassment campaign against several federal judges and their staffs. When the Marshals Service contacted the Joneses to speak with them about calling judicial officials, Mrs. Jones became verbally aggressive and indicated that she and her husband would "find out where they [the federal judges] lived and go to their house[s]" if she and her husband were unable to speak to them on the phone.
>
> This statement initiated a Marshals Service threat investigation in which Deputy U.S. Marshals interviewed the Joneses in person to ascertain their state of mind and to see if they could be perceived as a threat against the Judiciary. . . . in the days after the interview, the Joneses began calling Marshals Service employees at both the district office in Eastern California and at Headquarters. This escalated further when the Joneses began writing letters to various judicial and political figures.

(Compl., p. 348.)

who are officers (*sic*) of the court." (Compl., p. 5.)  Plaintiff alleges that at some point Attorney Defendant Haymaker was "arrested for her misconduct," though the arrest was officially reported as being instead "for an overdue boat registration." (Compl., pp. 11-12.)

The remainder of Plaintiff's Complaint takes issue with the Court's orders granting the defendant's motions for sanctions and for summary judgment and denying Plaintiff's motion for relief in the Lehigh case. (Compl., pp. 8-14; 17-21.)  Plaintiff alleges, however, that

> [t]his is not a request to reopen [his] prior case but a lawsuit/summons and complaint against parties that have devised, plotted and schemed against the Plaintiff to negate his civil rights and the procedural (*sic*) of the court.  More than likely these defendants have compromised other cases of other unrepresented plaintiffs.[ ]  The Plaintiff asks the court to understand that "because something seems unbelievable doesn't make it not true."

(Compl., p. 17; *see also* Compl., p. 43 (Plaintiff "shall request the Court['s] indulgence to review the Plaintiff's prior cause of action in the Eastern District Court Fresno, California[,] under the jurisdiction of Anthony W. Ishii, Senior District Judge Case No: 01-12-CV-00633-AWI"))  Finally, Plaintiff alleges that

> . . . he cannot and will not receive fair treatment within the Eastern District Court.  The Plaintiff is aware that the Fresno District Court has jurisdiction because of where the Plaintiff resides and [where the] Defendants['] actions occurred. . . . However, the Plaintiff request[s] that he be allowed a change of venue to the Northern California District Court, Oakland/San Francisco, California.

(Compl., p. 50; *see also* Mot. for Change of Venue.)  On June 12, 2015, Plaintiff filed a motion for change of venue, formally requesting the case be transferred to the Northern District of California.  (Mot. for Change of Venue.)

### IV.  VENUE IS PROPER IN THE EASTERN DISTRICT

Plaintiff requests a change of venue because he "will not be able to obtain a fair hearing and/or trial due to the Eastern District Courtroom Staff who are listed as Defendant[s]." (Mot. for Change of Venue, p. 1; *see also* Compl., pp. 49-50.)  Because Plaintiff will be changing residence "this year" to Alameda, California, he requests that venue be changed to the Northern District of California.  (Mot. for Change of Venue, p. 8.)

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

The incidents alleged in Plaintiff's Complaint indisputably occurred within this judicial district, and all Defendants appear to be residents in this judicial district. Accordingly, venue lies in the Eastern District of California and this action could not have been brought in any other district. While Plaintiff argues that the Lehigh case "was delayed and purposely sabotaged" by the combined efforts of the Attorney Defendants and the Eastern District employee Courthouse Defendants, Plaintiff's concerns have been remedied by the assignment of District Judge Lawrence J. O'Neill and referral to Magistrate Judge Sheila K. Oberto, both of whom were uninvolved in any part of the Lehigh case proceedings. Further, while Plaintiff's change of residence to Alameda, California, may indeed someday impose on Plaintiff a physical and financial burden to proceed in the Eastern District, such burden at this stage is purely speculative; if any appearance is necessary other than for a settlement conference or trial of this action, telephonic appearances would likely be approved.

Since all the incidents alleged in the Complaint occurred in this judicial district and all Defendants reside here, the Court does not find that it would be in the interest of justice to transfer this action. Accordingly, IT IS RECOMMENDED that Plaintiff's motion for a change of venue be DENIED.

## V.   DISCUSSION

Plaintiff's Complaint comprises 400 total pages – 55 pages are facts and arguments and an additional 345 pages are exhibits of varying relevance. (*See* Compl.) The Complaint sets forth a "Summary" section reciting the history of the alleged "misconduct" on the part of various attorneys and courthouse employees (Compl, pp. 1-21), followed by a second "Summary

Continued" section largely repeating the allegations of the Summary section with quoted statutory texts inserted in bold type (Compl., pp. 21-25.) The Complaint then sets forth a third section entitled "Statement of Facts" repeating many of the contentions of the first two sections, and adding additional allegations of impropriety on the part of Magistrate Judge Jennifer Thurston and various members of the U.S. Marshals Service, who are not named as defendants. (Compl., pp. 26-39.)

The Complaint then moves to a section listing Plaintiff's five causes of action, with large, bold block quotes of the statutes under which he seeks to sue. (*See* Compl, pp. 40-42.) Finally, the "Conclusion" section of the Complaint recapitulates the full extent of Plaintiff's allegations of misconduct and fraud against the various attorneys and courthouse employees he believes wronged him, and concludes with a request for transfer of venue to the North District of California because he contends he cannot receive a fair adjudication in the Eastern District, given his history with the Court and courthouse employees. (Compl., pp. 42-50.)

Finally, Plaintiff seeks a comprehensive list of demands for relief. (Compl., pp. 44-45.) Plaintiff 1) "prays for justice and fairness along with damages that are payable and due to the Plaintiff" in the amount of $500,000, as well as punitive damages and "back-pay and future earnings" for lost employment; 2) asks that the Court and the American Bar Association launch an investigation into Attorney Defendant Susan Hatmaker and her alleged "habit of persecuting Black Male Plaintiffs," 3) asks that the Court "prosecute" the Courthouse Defendants "to the fullest extent of the law for allowing [the Attorney Defendants] to act as presiding judges"; 4) seeks to reopen the Lehigh case and render a new verdict of "default against the defendants" and for the Plaintiff in "the amount he demand[ed] in the prior lawsuit"; and 5) seeks reimbursement of his "cost[s] for copies, printing and travel time for having to drive over two hundred miles to file documents[.]" (Compl., pp. 44-45.)

**A.   Plaintiff's Complaint Fails to Allege a Plain and Concise Statement of the Elements of His Claim**

Over the course of 55 pages of repetitive and confusing details, Plaintiff essentially alleges that the Attorney and Courthouse Defendants "devised, plotted and schemed against the Plaintiff

to negate his civil rights and the procedural (*sic*) of the Court." (Compl., p. 17.)  Plaintiff further alleges, among other things, that the Courthouse Defendants improperly tampered with filed pleadings and documents, permitted the Attorney Defendants "to submit documents that they authored [and in which they had] forged federal judge Anthony W. Ishii['s] name," "presented these documents to the court as truthful judicial orders," forged the emails and email signatures of Chief District Judge England, and "defraud[ed] the court machinery." (Compl., pp. 4; 5; 6; 21.)

Under Fed. R. Civ. P. Rule 8, a plaintiff must "plead a short and plain statement of the elements of his or her claim." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. Rule 8(d)(1). Dismissal is appropriate under Rule 8 where a complaint is "argumentative, prolix, replete with redundancy and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996). *See also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of a "verbose, confusing and conclusory" complaint under Rule 8). "Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiff[ ] [is] suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. Further, in evaluating whether a complaint should be dismissed under Rule 8, dismissal does not turn upon whether "the complaint is wholly without merit." *Id.* at 1179.

Plaintiff's Complaint fails to plead a short and plaint statement of the elements of his claim under Rule 8. Plaintiff's Complaint is argumentative, prolix, and replete with redundant, irrelevant details. *See id.* at 1178-79. Plaintiff fails to identify exactly which individual defendant or defendants he believes wronged him, in what manner and for what purpose they were acting in concert to wrong him, what wrong he is alleging occurred, and what harm he suffered as a result of that legal wrong. (*See* Compl.) It is also unclear how Plaintiff's repeated insistence that the defendants somehow acted in concert to falsify District Judge Ishii's signature on the PACER court document system or in the Court's orders actually harmed him. The Court is unable to determine the nature or extent of Plaintiff's damages, aside from the apparently arbitrary amount of $500,000 demanded in compensatory and punitive damages. (*See* Compl., at pp. 44-45.)

Accordingly, IT IS RECOMMENDED that Plaintiff's Complaint be dismissed for failure to comply with Rule 8 pleading standards. *See McHenry*, 84 F.3d at 1177-80.

### B. Plaintiff's Complaint Fails to State a Claim Under Section 1983

Liberally construed, Plaintiff's Complaint alleges civil rights violations under the Civil Rights Act for conspiracy.[4] The Civil Rights Act, codified at 42 U.S.C. § 1983[5] "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Where, however, a defendant is immune to suit under the common law, there is no cognizable section 1983 claim. *Davenport v. Winley*, 314 Fed. Appx. 982 (9th Cir. 2009).

---

[4] Plaintiff cites to several sections of the United States Code as the basis for his claims against the Attorney and Courthouse Defendants. (Compl.) Plaintiff alleges the Defendants violated 42 U.S.C. § 1983, Civil action for deprivation of rights; 42 U.S.C. § 1985, Conspiracy to interfere with civil rights; 18 U.S.C. § 241, Conspiracy against rights; 18 U.S.C. § 242, Deprivation of rights under color of law; 18 U.S.C. § 505, Seals of courts, signatures of judges or court officers; and, 28 U.S.C. § 951, Oath of office of clerks and deputies. (See Compl., pp. 40-42.) As there is no basis for Plaintiff's claims under the other statutes, however, the Court will only address Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985.

Both 18 U.S.C. §§ 241 and 242 are criminal statutes that provide the U.S. Department of Justice with authority to prosecute and punish private and public coconspirators who seek to violate rights secured by the U.S. Constitution. *See U.S. v. Berke Cake Co.*, 50 F. Supp. 311 (E.D.N.Y. 1943), appeal dismissed 320 U.S. 807. There is no private right to sue within these sections, and neither section of the U.S. Code authorizes the Court to appoint the Attorney General to investigate or prosecute a defendant. *See* 18 U.S.C. §§ 241 and 242.

Similarly, there is no private right to sue under either 18 U.S.C. § 505 or 28 U.S.C. § 951, and neither section of the U.S. Code authorizes the Court to appoint the Attorney General to investigate a defendant. *See* 28 U.S.C. § 526(a)(2) (the United States Attorney General may investigate official acts of clerks of U.S. courts "at the request and on behalf of the Administrative Office of the United States Courts").

[5]   [Section 1983] creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials. To prove a case under section 1983, the plaintiff must first demonstrate that (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a constitutional right or federal statutory right. [citations omitted].

*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A person acts under color of state law when the individual "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49-50 (1988) (internal quotation marks and citations omitted).

### 1. The Attorney Defendants Are Not State Actors and Therefore Cannot Act Under the Color of Law for the Purposes of Section 1983

The Attorney Defendants were privately retained counsel for the defendant in the Lehigh action; the Attorney Defendants are *not* state actors and therefore cannot be sued under 42 U.S.C. §§ 1983 or 1985. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that plaintiff cannot sue opposing counsel under § 1983 "because he is a lawyer in private practice who was not acting under color of state law," and "[p]laintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient") (internal citations omitted).  Plaintiff's claims for violation of civil rights therefore fail as to the Attorney Defendants.

### 2. The Courthouse Defendants Are Immune from Suit Under Section 1983

The Courthouse Defendants in this action are immune from suit for their involvement in the Lehigh case. "[O]fficers of the court . . . have absolute immunity in the performance of duties authorized by [ ] statute." *Meyers v. Contra Costa Cnty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1159 (9th Cir. 1987). *See also Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir.1986) (clerk of the United States Supreme Court immune from suit); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process"); *Hilska v. Suter*, 308 Fed. Appx. 451, 452 (D.C. Cir. 2009) (per curiam) ("[C]lerks enjoy absolute immunity from damages for performance of tasks that are an integral part of the judicial process").

This absolute immunity is lost *only* if the Courthouse Defendants' action were "clearly and completely outside the scope of their jurisdiction." *Demoran v. Dewitt*, 781 F. 2d 155, 158 (9th Cir. 1985).  The Courthouse Defendants' alleged actions were not outside that scope: they were performing administrative functions at the direction of the Court, and the Complaint does not allege actions sufficient to overcome this immunity.  The Courthouse Defendants are immune from liability for the actions taken in furtherance of their respective duties during the Lehigh case. Plaintiff's claims of violation of his civil rights therefore fail as to the Courthouse Defendants.

//

### 3. Plaintiff Has Failed to Allege Specific Facts Showing His Constitutional Rights Were Violated

Plaintiff further fails to allege specific facts showing how his constitutional rights were violated by the Courthouse Defendants.  A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.  *See Bell*, 550 U.S. at 561.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West*, 487 U.S. at 48; *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  A plaintiff must allege specific facts showing that his constitutional rights have been violated, and that a defendant acted with requisite intent or deliberate indifference.  *See Wood v. Ostrander*, 879 F.2d 583, 588 (9th Cir. 1989) (requiring more than an allegation of "gross negligence" to trigger section 1983).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff fails to set forth a single specific constitutional right the Courthouse Defendants allegedly infringed.  Plaintiff simply alleges, without supporting facts, that the Courthouse Defendants conspired with the Attorney Defendants "to submit documents that they authored [and in which they had] forged federal judge Anthony W. Ishii['s] name" and "then present[ ] these documents to the court as truthful judicial orders," forged the emails and email signatures of Chief District Judge England, and "defraud[ed] the court machinery."  (Compl., pp. 4; 5; 6; 21.)  Plaintiff claims that the Courthouse Defendants violated their oaths of office and engaged in unspecified misconduct to both cover up and publish the Attorney Defendants' forgeries.

Plaintiff does not allege with any specificity precisely how the Courthouse Defendants violated any of Plaintiff's constitutional rights, and fails to allege specific constitutional rights he contends the Courthouse Defendants violated.  Nor does he allege the Courthouse Defendants had the requisite intent to deprive Plaintiff of his constitutional rights.  *See Ostrander*, 879 F.2d at 588.

11

Therefore, Plaintiff fails to raise a constitutional claim against the Courthouse Defendants as required by § 1983.

Plaintiff also fails to plead the individual elements required for conspiracy under 42 U.S.C. § 1983. To state a claim for conspiracy under § 1983, a plaintiff must show "that the conspiring parties reached a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement" to violate his constitutional rights. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (internal quotations and citation omitted). "[M]ere proof of a conspiracy is insufficient to establish a section 1983 claim." *Landrigan v. City of Warwick,* 628 F.2d 736, 742 (1st Cir. 1980). Plaintiff's Complaint fails to allege facts establishing that the various Attorney Defendants and Courthouse Defendants acted in concert with the "common design and understanding" to violate his constitutional rights.

Dismissal is proper when the complaint fails to allege either a cognizable legal theory or there is an absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Services, Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). As discussed above, Plaintiff's cause of action for violation of his civil rights fails. Accordingly, IT IS RECOMMENDED that Plaintiff's Complaint therefore be dismissed for failure to plead a cognizable federal claim.

**C.     Leave to Amend Should Not Be Granted**

Plaintiff fails to allege a cognizable federal claim, and no additional set of facts can invoke this Court's jurisdiction over Plaintiff's claims for damages, for a re-opening of the Lehigh case, or for prosecution of the Defendants' alleged misconduct.

Plaintiff has filed suit for damages under § 1983, against Defendants who are either not state actors and not subject to § 1983 or who are immune from suit, and therefore his Complaint must be dismissed. *Davenport*, 314 Fed. Appx. 982. Although the court would ordinarily grant a pro se plaintiff leave to amend, *see Lopez*, 203 F.3d at 1130, it does not appear that the defects of the Complaint can be cured by more detailed factual allegations or revision of Plaintiff's claims. Accordingly, leave to amend would be futile and the action should be dismissed with prejudice. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.1996).

**VI. CONCLUSION AND RECOMMENDATION**

As stated above, all incidents alleged in the Complaint occurred in this judicial district and all Defendants reside in this judicial district, and therefore venue is appropriate in this district. Further, Plaintiff's Complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Change of Venue be DENIED and that Plaintiff's Complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 17, 2015**              /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE

13